UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THERESA ANN HANKERSON,

                Plaintiff,

          -against-

BANK OF AMERICA; COMMISSIONER
BANK OF AMERICA; DISTRICT COURT OF
QUEENS; ATTORNEY; COMMISSIONER JUDGES
COMMISSIONER OF QUEENS BLVD;
N.Y.S. OFFICER OF TEMPORARY DISABILITY;
ASSISTANCE, COMMISSIONER, VINTAGE T.V.
WEBSITE COMMISSIONER,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-2088 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Theresa Ann Hankerson[1] brings this *pro se* action invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1331.[2]  (Compl., ECF No. 1.)  The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  However, for the following reasons, the Complaint is dismissed.  Plaintiff is granted thirty (30) days' leave from the date of this Order to file an amended complaint.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

---

[1] Plaintiff also lists her son, Rohan Ron Hankerson, as a plaintiff in the caption of the complaint, but Theresa Ann Hankerson is the only one who signs the complaint.  Thus, all claims shall be construed as being brought by Plaintiff Theresa Ann Hankerson only.  The Court further notes that as a non-attorney, Plaintiff cannot bring claims on behalf of her son because "[a] person who has not been admitted to the practice of law may not represent anybody other than himself."  *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) and 28 U.S.C. § 1654); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (holding that an unlicensed individual "may not appear on another person's behalf in the other's cause").

[2] The action was transferred to this court from the United States District Court for the Southern District of New York on March 21, 2024.  (ECF No. 5.)

1

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, the Supreme Court has held that district courts have "the authority to pierce the veil of the complaint's factual allegations" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal citations omitted).  The Court further stated that "a court is not bound . . . to accept without question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept 'as having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." *Id*.

## DISCUSSION

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Those statements must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  This applies to *pro se* plaintiffs as well. *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) ("While we construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counsel alike.") (internal

quotations omitted).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." *Id.*

Plaintiff's complaint is quite disjointed, and it is unclear what her federal cause of action is against the named defendants.  Plaintiff does not offer any intelligible or comprehensible claim. For example, Plaintiff states:

> I want fill application at Bank of America the [wouldn't] let leave down pay[ment] to open a account, they that I was not accepted with no explanation. My son Rohan Ron Hankerson constitution of rights and person has been violated, as a student he went to John Jay University, work at . . . cleaning company, he been accepted for the golden glove boxing . . . back in the 70's 80's had vintage TV were had a two button the bottom one go up to C.H. 60 were [sic] you can see your next door neighbor apartment well I'm living in that kind of setting.

(Compl. at 5.)  Plaintiff further states, "I had did a [fair] hearing were [sic] they violated my [fair] hearing were [sic], I requesting for paid being sent . . . from Social Security back from 1997 until present cyberbull[y]ing.  (*Id.* at 6.)  Plaintiff seeks, *inter alia*, money damages and for her son to be released from custody.[3] (*Id.*)  Even giving the most liberal construction to Plaintiff's Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged, and the Complaint clearly does not comply with Rule 8(a). As such, the Complaint must be dismissed.

## LEAVE TO AMEND

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).  Here, Plaintiff's claims may reveal themselves to be frivolous, but in light of this

---

[3] It appears that Plaintiff's son is currently incarcerated at Auburn Correctional Facility pursuant to a Queens County conviction. *See https://nysdoccslookup.doccs.ny.gov/* (last visited April 1, 2024).

Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow Plaintiff to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

If she chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting the claim. Plaintiff should describe what each named defendant or defendants did or did not do; describe how each defendant caused Plaintiff injury; and only name defendants that were personally involved. Plaintiff must also provide the dates and locations for each relevant event. Plaintiff is reminded that she may not bring claims on behalf of her son.

The amended complaint will replace, not supplement, the original complaint, and must be captioned as "Amended Complaint" and include the same docket number as this Order: 24-CV-2088 (LDH) (LB).

## CONCLUSION

The Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days' leave from the date of this Order to file an amended complaint.

For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed. If Plaintiff fails to amend the complaint, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a general complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/ LDH_____
LaShann DeArcy Hall
United States District Judge

Dated: Brooklyn, New York
        April 13, 2026